IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| Valtrus Innovations Ltd. and Key Patent Innovations Ltd., | Civil Action No. |
| Plaintiffs, | Hon. |
| v. | |
| Lumen Technologies, Inc, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant Lumen Technologies, Inc. ("Lumen") and, in support, allege the following:

## PARTIES

1.　Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2.　KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3.    On information and belief, Defendant Lumen Technologies, Inc. ("Lumen") is a corporation organized and existing under the laws of the State of Louisiana. On information and belief, Lumen can be served with process at CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

## ASSERTED PATENTS

4.    Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the '287 Patent); 6,868,682 (the '682 Patent); and 6,718,277 (the '277 Patent).

5.    The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6.    The '287 Patent, entitled "entitled "Cooling system," was duly and lawfully issued on February 15, 2005. A true and correct copy of the '287 Patent is attached hereto as Exhibit 1.

7.    The '287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8.    The '682 Patent, entitled "Agent Based Control Method and System for Energy Management," was duly and lawfully issued on March 22, 2005. A true and correct copy of the '682 Patent is attached hereto as Exhibit 2.

9.    The '682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

10.     The '277 Patent, entitled "Atmospheric Control Within a Building," was duly and lawfully issued on April 6, 2004. A true and correct copy of the '277 Patent is attached as Exhibit 3.

11.     The '277 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

12.     This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

13.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14.     Lumen operates at least two data center facilities in Louisiana. Lumen advertises offering colocation data centers in Baton Rouge and New Orleans, LA.[1] Lumen is headquartered in Monroe, LA.

15.     This Court has general and specific personal jurisdiction over Lumen. Lumen is headquartered in this District. Lumen has maintained offices, employees, and business operations in this District, and has therefore purposefully availed itself of the privileges of conducting business in Louisiana and has minimum contacts with the State of Louisiana. The Court also has personal jurisdiction over Lumen because, on information and belief, it has taken actions in its Monroe headquarters that relate to performing methods in its Louisiana data center facilities that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of its contacts with this District.

---

[1] https://assets.lumen.com/is/content/Lumen/colocation-overview-data-sheet?Creativeid=1251e94a-b729-42ac-877d-abf98cc7cef5

16.     Venue is proper in this District under 28 U.S.C. § 1400(b). Lumen is headquartered in this District and therefore resides here for purposes of venue.

## DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT

17.     Lumen owns and operates a number of data centers across the United States. For example, Lumen advertises providing 200+ data centers in North America across 120+ cities, serving 2600+ customers.[2] Lumen's data centers implement cooling equipment from various suppliers, and Lumen uses that equipment to perform methods of cooling that, on information and belief, infringe the Asserted Patents.

18.     In particular, Lumen has used cooling equipment from Vertiv Corporation ("Vertiv") in its data centers. For example, in a related declaratory judgment action filed by Vertiv relating to the '287 Patent, Vertiv has admitted that Lumen used Vertiv's products for which Vertiv seeks a declaratory judgment of noninfringement. *See Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907, Dkt. 227 at 3 (E.D. Tex.).

19.     Public websites, including both from Lumen and third-parties, also describe Lumen's use of Vertiv and Liebert cooling equipment in its data centers:

**Cooling Systems**
Precision cooling roof-mounted dry cooler air conditioning units provide N+1 cooling to each suite.

• Liebert Humidification System

https://assets.lumen.com/is/content/Lumen/san-francisco-ca-data-center?Creativeid=6d2b2b15-bda6-442e-9647-af415ea71bff

---

[2] https://www.lumen.com/en-us/services/colocation.html

HVAC
Available Cooling

- Two 18.7 ton Liebert HVAC units
- Two 20 ton HVAC units for a total of 4 for Phase 1 to be installed in the next 1 to 3 months.
- We maintain a maximum of 72 degrees and 30-50% humidity at all times
- Humidity Alarms
- Temperature Alarms

https://www.datacentermap.com/usa/washington/seattle/tw-telecom---bothell/

20.    Lumen has also used cooling equipment and software from Schneider Electric in its data centers. For example, Lumen (owner of CenturyLink) and Schneider Electric participated in a webinar regarding Lumen's deployment of Schneider Electric data center infrastructure management in its data centers:

> Join the discussion around one of the largest real world deployments of a Data Center Infrastructure Management (DCIM) platform to learn best practices in its planning, deployment, and ongoing use. CenturyLink will share lessons learned and values derived from its deployment of Schneider Electric's StruxureWare while Schneider Electric will share the experiences of its broader customer base.
>
> In this session, join Data Center Knowledge's expert contributor Bill Kleyman and experts from CenturyLink and Schneider Electric as they share how you can succeed with DCIM. Attendees will learn:
>
> - A clear actionable framework for tackling their own DCIM deployment
> - An understanding of the value of DCIM from a service provider perspective

https://www.itprotoday.com/training/data-center-infrastructure-management-best-practices-lessons-learned

21.    On information and belief, Lumen may have used cooling equipment or software from other suppliers in its data centers to perform methods that infringe the Asserted Patents. For example, Lumen may have used cooling equipment or software from companies including Stulz, DataAire, Trane, Automated Logic, and Nlyte to infringe the Asserted Patents. On information and

5

belief, Lumen may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

22.    Valtrus notified Lumen of its infringement of its patent portfolio relating to data center technologies and sought to resolve this dispute prior to bringing this case.

23.    On March 22, 2024, Valtrus's counsel sent a letter to Stacey Goff, Lumen's Executive Vice President, General Counsel, and Secretary, informing Lumen about Valtrus's patent portfolio and offering an opportunity to license the patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of five patents, including the '287 Patent. The letter also noted that Valtrus had incomplete information regarding the products and methods used by Lumen in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with Lumen to confirm the scope and extent of Lumen's infringement.

24.    On May 19, 2024, after receiving no response from Lumen, Valtrus's counsel sent another letter to Mr. Goff and to Kate Johnson, Lumen's President and CEO. This letter again requested a meeting to discuss licensing opportunities and attached an additional infringement claim chart. Lumen never responded.

25.    In the declaratory judgment litigation pending between Valtrus and Vertiv, *see Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907 (E.D. Tex.), where Vertiv has stated repeatedly that it will be liable for any judgment against its customers for infringing Valtrus's patents using its equipment, Valtrus sought to resolve its customer allegations directly with Vertiv. Valtrus made multiple attempts to resolve its disputes with Vertiv's customers throughout 2024 and 2025, and Vertiv consistently refused to engage. On February 5, 2026, Valtrus sent a final

request to Vertiv to resolve its customers' infringement without litigation. Exhibit 4. Vertiv never responded.

26.    Because Lumen and Vertiv have refused to engage with Valtrus's requests to resolve this dispute without litigation, and Lumen has not provided any additional information about its cooling equipment used in its data centers, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

### (Infringement of the '287 Patent)

27.    Valtrus re-alleges and incorporates herein by reference paragraphs 1-26 of the Complaint.

28.    The '287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

29.    Lumen infringed the '287 Patent by performing methods of cooling its data centers prior to the expiration of the '287 Patent. As described above, Lumen has used cooling equipment from at least Vertiv and Schneider Electric to cool its data centers, and may have also used other cooling equipment from DataAire, Stulz, Trane, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Lumen used or may have used these products to infringe claim 1 of the '287 Patent are attached as Exhibits 5-8.

## SECOND CLAIM

### (Infringement of the '682 Patent)

30.    Valtrus re-alleges and incorporates herein by reference paragraphs 1-26 of the Complaint.

31.    The '682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

32.      Lumen infringed the '682 Patent by performing methods of cooling its data centers prior to the expiration of the '682 Patent. As described above, Lumen has used cooling equipment from at least Vertiv and Schneider Electric to cool its data centers, and may have also used other cooling equipment from DataAire, Stulz, Trane, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Vertiv and Schneider Electric used or may have used these products to infringe claim 1 of the '682 Patent are attached as Exhibit 9-12.

### THIRD CLAIM

### (Infringement of the '277 Patent)

33.      Valtrus re-alleges and incorporates herein by reference paragraphs 1-26 of the Complaint.

34.      The '277 Patent is generally directed to a system and method for controlling atmospheric conditions within a data center building.

35.      Lumen infringed the '277 Patent by performing methods of cooling its data centers prior to the expiration of the '277 Patent. As described above, Lumen has used cooling equipment from Schneider Electric to cool its data centers, and may have also used other cooling equipment from Automated Logic, Nlyte, Stulz, or other suppliers in a similar manner to perform the claimed methods. An exemplary claim chart reflecting how Lumen used or may have used these products to infringe claim 1 of the '277 Patent is attached as Exhibit 13.

### PRAYER FOR RELIEF

WHEREFORE, Valtrus prays for judgment against Lumen, as follows:

   A.  That Lumen has infringed each of the Asserted Patents;

8

B. That Lumen pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C. That Lumen pay prejudgment and post-judgment interest on the damages assessed;

D. That this is an exceptional case under 35 U.S.C. § 285; and that Lumen pay Plaintiffs' attorneys' fees and costs in this action; and

E. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: April 27, 2026                                Respectfully submitted,

*/s/ Jan P. Christiansen*
Jan P. Christiansen
Christiansen Law Firm
2483 Tower Drive, Suite 2
Monroe, Louisiana 71201
Tel: (318) 807-0929
jpchris@christiansenlawfirm.net

Matthew G. Berkowitz (*pro hac vice* forthcoming) – LEAD ATTORNEY
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

Connor S. Houghton (*pro hac vice* forthcoming)
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com

Patrick Colsher (*pro hac vice* forthcoming)
Sean M. McCarthy (*pro hac vice* forthcoming)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com
*Attorneys for Plaintiffs*